IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00356-CR

 

Chontail Evette Green,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 28343CR

 



MEMORANDUM 
Opinion



 

          Chontail
Green was charged by indictment with two counts of aggravated robbery.  Tex.
Pen. Code Ann. § 29.03 (Vernon 2003). 
She was found guilty by a jury and sentenced to fifteen years’
imprisonment.  She brings one issue on
appeal, arguing that there is insufficient evidence to support the jury’s
verdict.  We will overrule the issue and
affirm the judgment.

BACKGROUND

          A
loss prevention officer at the Wal-Mart store in Ennis, Texas,
testified that she observed Green in the store. 
Green had a DVD player and a home theater system in her shopping cart
and two empty Wal-Mart bags.  The loss
prevention officer watched Green put merchandise into the bags, pass the cash
registers, and leave the store with the items. 
She followed Green to a car in the parking lot.  An assistant manager assisted the loss
prevention officer in attempting to apprehend Green.  Green initially agreed to go back into the
store with the manager and officer, but instead she grabbed the car keys from
her male companion and ran back to the vehicle. 
When the Wal-Mart employees tried to stop her, she backed up the car,
hitting both employees, another vehicle, and a row of shopping carts.  Both the assistant manager and the loss
prevention officer positively identified Green as the woman they encountered.  A police officer dispatched to the scene
seized a purse from Green’s male companion containing envelopes addressed to
and from Chontail Green.  The prosecution
played an in-store video tape, edited to include only scenes allegedly
depicting Green.

          Although
she does not specify, Green appears to argue both legal and factual
insufficiency.  We review legal
sufficiency by viewing all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  We review factual sufficiency by considering
all of the evidence in a neutral light to determine whether the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004).

Green argues that the evidence shows that she
was not the person in the videotape or the person in the events described by
the State’s witnesses.  She argues that
the purse contained the driver’s license of Tammy Green, Chontail’s
sister.  Tammy Green testified in
Chontail’s defense, and testified that the person in the videotape was not
Chontail Green.  However, she also testified
that the purse was not her own.  Chontail
Green’s mother and friend also testified that the   person
in the video was not Chontail Green.

However, two witnesses identified Green as the
person who committed the offense.  The
loss prevention officer testified that Green’s male companion in the parking
lot called her “Chontail.”  The purse
contained envelopes addressed to and from Chontail Green.  The jury was able to watch the videotape and
determine for themselves whether the woman depicted was Green.  The jury could rationally have found beyond a
reasonable doubt that Green committed the offense.  Finding the evidence legally and factually
sufficient to support the verdict, we overrule the issue.

CONCLUSION

          Having
overruled the issue, we affirm the judgment.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed May 25, 2005

Do not publish

[CR25]